UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHIMA UCHEYA<br>41 Stoneham Drive<br>Delran, NJ  08075 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff | : <br> : | NO: |
| v. | : <br> : | |
| WILMINGTON HOUSING AUTHORITY<br>1314 E. 24th Street<br>Wilmington, DE 19802 | : <br> : <br> : | **<u>JURY TRIAL DEMAND</u>** |

## COMPLAINT

Plaintiff Chima Ucheya ("Plaintiff" or "Mr. Ucheya"), by and through his attorneys, Markowitz & Richman, files this Complaint in this action against Defendant Wilmington Housing Authority ("Defendant" or "WHA"), and hereby alleges as follows:

## NATURE OF THE CLAIM

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary and punitive damages, to redress Defendant's unlawful employment practices against Plaintiff, including its discriminatory treatment of Plaintiff due to his race/ethnicity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") and Title 19, Chapter 7 of the Delaware Code.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under

Section 1981 and Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4.   Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and/or filed with the Delaware Department of Labor, Office of Anti-Discrimination ("DOL"), alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* Plaintiff's EEOC charge arises out of the same facts alleged herein that pertain to his Section 1981 retaliation claim.

5.   The DOL investigated Plaintiff's claim where Plaintiff raised both race and ethnic discrimination when the DOL attempted to mediate the matter. The mediation was unsuccessful with the DOL finding in favor of Plaintiff. Defendant moved the EEOC to reconsider.

6.   The EEOC ended its investigation and issued a Right to Sue letter dated January 20, 2023.

## PARTIES

7.   The Plaintiff Chima Ucheya is an individual who resides at 41 Stoneham Drive, Delran, New Jersey, 08075.

8.   The Defendant Wilmington Housing Authority is an independent agency with a central office located at 400 North Walnut Street, Wilmington, DE, 19801, that provides and assists individuals in finding public housing and attaining housing choice vouchers. It is the

largest direct provider of affordable housing for low-income families in the City of Wilmington, Delaware.

## FACTUAL ALLEGATIONS

9. Plaintiff was the Managing Director/CEO and Senior Program Manager of Rainbow Town Development Limited in Port Harcourt, Nigeria from March 2011 to November, 2020.

10. In May 2020, Plaintiff responded to a vacancy announcement for the position of Director of Development for the Defendant Wilmington Housing Authority posted on GlassDoor.com.

11. In July 2020, WHA contacted Plaintiff to ascertain if he was still interested in the position.

12. In August 2020, Plaintiff, after various communications with Defendant, received an email from Frank Eirich, Human Resource Generalist for WHA, confirming a Zoom interview for August 3, 2020, with an application form and requesting evidence of employment authentication and a portfolio of Plaintiff's work.

13. Plaintiff submitted the requested documents on August 28, 2020, as well as a later requested writing sample and Consent to a Fair Credit Report Check.

14. Plaintiff's interview was rescheduled for September 2, 2020, after which he submitted two professional references.

15. On September 14, 2020, Plaintiff received an offer letter for the position with a start date of November 2, 2020, and accepted WHA's offer on September 16, 2020.

16. The offer of employment was tendered by John Hill, Chief Executive Officer at WHA.

17. Plaintiff subsequently resigned from his employment at Rainbow Town Development Limited.

18. On or about November 9, 2020, Plaintiff received an email from Nancy Clark, Executive Assistant to the Interim CEO, informing him that John Hill was placed on suspended leave as CEO.

19. On or about November 10, 2020, Plaintiff received a telephone call from Frank Eirich advising that the offer of employment was being rescinded.

20. Plaintiff was then informed in a letter signed by Mary Ann Russ, the Acting CEO, that "Mr. Hill has left WHA and we have decided to hire an individual with a different skill set than you possess."

21. WHA continued to advertise for the position of Director of Development at WHA in January 2021, and again in June and July, 2021.

22. WHA later claimed that it rescinded Plaintiff's job offer because Plaintiff's credentials did not check out. This is untrue as upon information and belief, WHA never actually checked Plaintiff's credentials or references.

23. The Human Resources Chief who later claimed that Plaintiff's references did not check out is Bola Odueke who, while Nigerian, is from a different tribe (Yoruba) than Mr. Ucheya (Igbo) where animosity is best and most tragically remembered in the Nigerian-Biafran War and unfortunately still continues today.

24. Defendant WHA acted maliciously in withdrawing its offer of employment to Plaintiff based upon his race and ethnicity.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e,** *et seq.*

25. Plaintiff incorporates Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff is a member of a protected class in that he is Black/African American (Color/Race), of the Igbo tribe from Nigeria (National Origin/Ethnicity).

27. Defendant WHA announced a vacancy for the position of Director of Development.

28. Plaintiff is qualified to perform the duties of the vacant WHA position and applied for that position.

29. Despite Plaintiff's qualifications, Defendant WHA discriminatorily denied him the vacant position, in willful and wanton disregard for his rights and in violation of Title VII.

30. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other consequential damages.

## SECOND CAUSE OF ACTION

**Violation of Title 19, Chapter 7 of the Delaware Code**

31. Plaintiff incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff is a member of a protected class in that he is Black/African American (Color/Race), of the Igbo tribe from Nigeria (National Origin/Ethnicity).

33. Defendant WHA announced a vacancy for the position of Director of Development.

34. Plaintiff is qualified to perform the duties of the vacant WHA position and applied for that position.

35. Despite Plaintiff's qualifications, Defendant WHA discriminatorily denied him the vacant position, in willful and wanton disregard for his rights and in violation of the Delaware Discrimination in Employment Act, Title 19, Chapter 7 of the Delaware Code.

36. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other consequential damages.

### THIRD CAUSE OF ACTION

**Violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981.**

37. Plaintiff incorporates Paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff is a member of a protected class in that he is Black/African American (Color/Race), of the Igbo tribe from Nigeria (Ethnicity).

39. Defendant WHA announced a vacancy for the position of Director of Development.

40. Plaintiff is qualified to perform the duties of the vacant WHA position and applied for that position.

41. Despite Plaintiff's qualifications, Defendant WHA discriminatorily denied him the vacant position, in willful and wanton disregard for his rights and in violation of the Delaware Discrimination in Employment Act, Title 19, Chapter 7 of the Delaware Code.

42. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Delaware;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendants' discriminatory, retaliatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff.

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries.

F.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment.

G.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H.      An award of punitive damages;

I.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

J.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

MARKOWITZ & RICHMAN

BY: /s/ *Claiborne S. Newlin*
CLAIBORNE S. NEWLIN, ESQUIRE
Delaware ID No. 4745
1225 N. King Street – Suite 804
Wilmington, DE 19801
Telephone: 302-656-2308
Email: cnewlin@markowitzandrichman.com
Counsel for Plaintiff

Date: April 21, 2023